IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICRT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the September 16, 2006 Barrera/Juarez Event, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-08-02764 |
| GLADYS YOLANDA BARNICA, Individually and d/b/a LA CUADRA NIGHT CLUB, | § § § § | |
| Defendant. | § | |

## FINAL DEFAULT JUDGMENT

Before the Court is *Plaintiff's Motion for Final Default Judgment and Brief in Support* filed by Plaintiff J&J Sports Productions, Inc. ("Plaintiff"). Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendant Gladys Yolanda Barnica, Individually and d/b/a La Cuadra Night Club ("Defendant") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in *Plaintiff's Original Complaint* are deemed admitted against Defendant; that Defendant exhibited the closed circuit, September 16, 2006 Too Close to Call: The Marco Antonio Barrera and Rocky Juarez II WBC Super Featherweight Championship Fight Program, including undercard or preliminary bouts, without authorization from Plaintiff; and that Defendant's actions were willful and for purposes of direct

or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1.  That Judgment by default be entered in favor of Plaintiff and against Defendant.

2.  That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant in the amount of $10,000.00.

3.  That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $50,000.00.

4.  That Plaintiff recover attorneys' fees from Defendant in the amount of $1,000.00. ~~$20,000.00; along with attorney's fees for post-trial and appellate services~~.

~~5. That Plaintiff recover the following conditional awards of attorney's fees from Defendant in the following circumstances:~~

~~a. Ten Thousand Dollars ($10,000.00) in the event Defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;~~

~~b. Fifteen Thousand Dollars ($15,000.00) in the event Defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;~~

~~c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;~~

~~d. Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and~~

~~e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the Judgment rendered in this case, should Plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.~~

5. ~~6.~~   The Court also enjoins Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

6. ~~7.~~   The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of ~~0.37~~ 0.43% from the date of this Judgment until paid.

7. ~~8.~~   All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

8. ~~9.~~   This judgment is a final judgment.

SO ORDERED.

SIGNED on this the 27th day of January, 2009.

_____
Sim Lake
United States District Judge